**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN THE MATTER OF THE SEIZURE OF**<br><br>**$3,510.00 FROM JP MORGAN CHASE ACCOUNT #XXXXX8021** | **Mag. No.** |

## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

I, Michael Milochik, being duly sworn, depose and state the following:

1. I have been a sworn law enforcement officer with the Metropolitan Police Department (MPD) of the District of Columbia since Novermber of 2001. During my tenure of service, I have worked in the capacity of patrol officer, auto theft investigator, and currently as a detective in the Criminal Investigations Division (CID), Financial and Cyber Crimes Unit (FCCU). I have been with this unit since January of 2016. My duties and responsibilities are to investigate finacial fraud case as well cyber crimes that occur within the confines of the District of Columbia. I have gained experience in conducting such investigations through training in seminars, classes, and in the performance of his everyday investigative duties. I have also participated in numerous arrests and interviewed numerous victims, witnesses, and suspects in these types of investigations. I have been deputized as a Special Deputy United States Marshal to seek and execute arrest and search warrants as part of the Metropolitan Area Financial Crimes Task Force.

2. The facts in this affidavit come from my personal observations, training, experience, and information obtained from other law enforcement officers and witnesses. This affidavit is submitted for the limited purpose of establishing probable cause in support of this application for a seizure warrant, and thus it does not contain every fact known by me or by the United States.

**ITEMS TO BE SEIZED**

4. This affidavit is submitted in support of a warrant to seize all funds, up to the amount of $3,510.00, from JP Morgan Chase account number XXXXX8021 (the "Target Account"). As described below, these funds constitute proceeds of the crime of wire fraud, 18 U.S.C. § 1343.

**STATUTORY AUTHORITY**

**Wire Fraud**

5. The wire fraud statute, 18 U.S.C. § 1343, provides for the prosecution of anyone who, "having devised or intending to devise any scheme or artifice to defraud," then "transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice."

**Criminal Jurisdiction**

6. As set forth below, acts or omissions constituting, and acts or omissions in furtherance of, the offenses under investigation occurred within Washington, D.C. *See* 18 U.S.C. § 3237.

**Forfeiture Statutes**

7. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud), or a conspiracy to commit such an offense, is subject to civil forfeiture. Pursuant to 28 U.S.C. § 2461(c), such property is also subject to criminal forfeiture.

## **Forfeiture Jurisdiction**

Civil

8. Title 18 U.S.C. § 981(b)(3) states in pertinent part that, "[n]otwithstanding the provisions of Rule 41(a) of the Federal Rules of Criminal Procedure, a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of Title 28, and may be executed in any district in which the property is found[.]" Title 28 U.S.C. § 1355(b)(1)(A) provides that a "forfeiture action or proceeding may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred[.]"

Criminal

9. As noted above, 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property that is subject to civil forfeiture. Title 28 U.S.C. § 2461(c) further provides that 21 U.S.C. § 853 (with the exception of subsection 21 U.S.C. § 853(d)) applies "to all stages of a criminal forfeiture proceeding." Title 21 U.S.C. § 853(l) states in pertinent part that the court has "jurisdiction to enter orders as provided in this section without regard to the location of any property[.]"

## **Fungible Property Statute**

10. Title 18 U.S.C. § 984(a) provides:

> (a)(1) In any forfeiture action *in rem* and in which the subject property is cash . . . [or] funds deposited in an account in a financial institution . . .
>
> it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>
> it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

> (2) Except as provided in Subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

I have been advised that, in essence, for civil forfeiture, 18 U.S.C. § 984 allows the United States to seize identical substitute property found in the same place where the "guilty" property had been kept. *See United States v. All Funds Presently on Deposit at American Express Bank,* 832 F. Supp. 542, 557-58 (E.D.N.Y. 1993). I have been advised further that, pursuant to 18 U.S.C. § 984(b), this affidavit need not demonstrate that the monies now in the SUBJECT ACCOUNT are the particular monies that constitute the proceeds of the wire fraud offense, so long as the forfeiture is sought for other funds on deposit in that same account, not to exceed the total amount of the proceeds. I understand that 18 U.S.C. § 984 applies to civil forfeiture actions commenced within one year from the date of the offense.

**PROBABLE CAUSE**

11. On February 28, 2017, the complainant began communicating by email with an individual that identified himself as "Brian R. Miller." The complainant was engaged in a conversation about an apartment that was advertised for rent on the website Craigslist.com. The complainant agreed to rent the apartment at a rate of $1,105 per month. The address of the apartment was 1601 18th Street Northwest, Apartment 715, Washington, DC. This building is known as the Imperial House Condominium Complex. A rental contact was sent to the complainant instructing him to pay two months' rent and a security deposit of $1,300.00 to secure the apartment. The complainant signed the rental agreement and arranged for his bank to wire $3,510.00 to JP Morgan Chase Bank account number XXXXX8021, routing number 111000614. The complainant emailed the rental contract to "Brian Miller" on March 3, 2017. The wire transfer was completed on March 6, 2017.

12. On March 10, 2017, the complainant received an email from "Brian Miller" requesting additional money to cover a years' worth of Home Owner Association (HOA) fees. The email requested that the complainant provide an additional $1,800.00 by way of a wire transfer. The wire instruction for this money was for a different account than the first transaction. The complainant became suspicious and informed Mr. Miller via email that this was not part of his original lease contract. The complainant then requested a refund of his original payment of $3,510.00. To this date, the complainant has not received a refund.

13. On March 10, 2017, the complainant called the Imperial House Condominium Complex and learned that Apartment 715 was not for rent. Complainant also learned that this is a common "scam" with this address.

14. Between March 10 and March 14, 2017, the complainant emailed "Brian Miller" numerous times demanding his money back. To this day, the complainant is at a loss for $3,510.00.

15. Complainant was located in the District of Columbia when sending and receiving some if not all of the above-described email communications.

16. On March 15, 2017, the complainant filed a police report with the MPD for First Degree Fraud.

17. Affiant was assigned this case to investigate and learned that an investigator at the complainant's credit union has made three formal requests to JP Morgan Chase Bank to have the complainant's money returned. JP Morgan Chase Bank has not fulfilled any of these requests. As of March 31, 2017, affiant has learned that some of the funds are still in JP Morgan Chase Bank account, but less than the original amount. The JP Morgan Chase fraud investigator would not tell affiant the current balance.

18. On March 31, 2017, the United States Attorney's Office for the District of Columbia (USAO-DC) faxed the Fraud Recovery Unit at JP Morgan Chase Bank a letter stating that the funds were being preliminarily seized pursuant to Title 18, United States Code, Sections 981 Sections 981(a)(1)(C) and (b)(2)(B)(ii) and that the USAO-DC would be seeking a seizure warrant for the funds.

19. Based upon my training and experience, the on-going nature of the fraud, and the applicability of the "fungible property statute" to this offense (18 U.S.C. § 984 – *see* para. 10, above), I believe that funds subject to forfeiture will continue to be deposited into the Target Account after the execution of any seizure warrants on those accounts. Based upon my experience, the account receiving these funds is held by a "middle-man," who is hired by the person conducting the email fraud to receive the funds from the fraud. The "middle-man" is not hired specifically for this fraud, but rather to move funds on behalf of the person conducting the email fraud for multiple ongoing frauds. As noted in para. 13, above, there have been multiple fraudulent schemes for this same address. Accordingly, I submit that there is probable cause to believe that this account will continue to receive funds that are fraudulently obtained. As such, I request that any warrant issued by this court incorporate and contain "damming language" instructing the financial institution to continue to credit funds to an account for 14 days after the issuance of the warrant and to prohibit any funds from being debited from the account during that same time-period. After the expiration of the 14-day period, I request authorization to seize any funds up to the amount of $3,510 that were credited to the account during the 14-day period, less the amount of any funds already provided pursuant to the seizure warrant. *See* Attachment A.

## CONCLUSION

20. Based on the information contained in this affidavit, there is probable cause to believe that up to $3,510.00, from JP Morgan Chase account number XXXXX8021, is subject to seizure and forfeiture:

a. This application seeks a seizure warrant under both civil and criminal authority, because the property to be seized could easily be placed beyond process if not seized by warrant.

b. Pursuant to 18 U.S.C. § 981(a)(1)(C), as any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud). Pursuant to 28 U.S.C. § 2461(c), such property is also subject to criminal forfeiture. A protective order issued pursuant to 21 U.S.C. § 853(e) would not be sufficient to assure the availability of the property for forfeiture as could easily the access account at any time and dissipate the funds as there is no guaranteed that the bank will honor the letter sent by the USAO-DC (*see* para. 18, above). This Court has jurisdiction to enter a seizure order pursuant to 21 U.S.C. § 853(l).

c. This Court has jurisdiction to enter a civil seizure order pursuant to 18 U.S.C. § 981(b)(3) which states that property subject to forfeiture under § 981 may be seized via a civil seizure warrant issued by a judicial officer "in any district in which a forfeiture action against the property may be filed," and may be executed "in any district in which the property is found," if there is probable cause to believe the property is subject to forfeiture.

d. This Court has jurisdiction to enter a criminal seizure warrant pursuant to 28 U.S.C. § 2461(c), which incorporates the procedures in 21 U.S.C. § 853 (other than subsection (d)) for all stages of a criminal forfeiture proceeding. Section 853(f) permits

the government to request the issuance of a seizure warrant for property subject to criminal forfeiture. Section 853(l) states that the "district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section. . . ."

21. I have been advised by the Assistant United States Attorney responsible for this matter that upon receipt of the funds from JP Morgan Chase, the funds will be processed for forfeiture pursuant to the applicable provisions of the United States Code and Code of Federal Regulations. Direct notice will be sent to all parties that may have an interest in the funds, including the account holder of record, and notice of the seizure will be published to the general public as required by law. All claimants will be afforded with due process in the administrative and any judicial proceeding, as required by law.

______________________________
Michael J. Milochik
Detective, Metropolitan Police Department//
Special Deputy United States Marshal

Sworn to and subscribed before me on this __5th__ day of April, 2017.

______________________________
The Honorable Deborah A. Robinson
United States Magistrate Judge